# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1151V
UNPUBLISHED

| | |
|---|---|
| ERIN SIMISON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 31, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Gerald S. Sack*, Law Office of Gerald S. Sack, LLC, West Hartford, CT, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 8, 2018, Erin Simison, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") alleging alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on October 13, 2017. (Petition at 1). On August 27, 2019, a decision was issued by then, Chief Special Master Nora Beth Dorsey, awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 23).

Petitioner has now filed a motion for attorney's fees dated September 11, 2019, requesting a total award of $19,470.00. (ECF No. 27 at 11). In accordance with General

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Order #9, Petitioner's counsel represents that Petitioner incurred no out-of-pocket expenses.  (ECF No. 30).  Respondent reacted to the motion on September 16, 2019, indicating he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to a reasonable award for attorney's fees and costs to be awarded.  (ECF No. 28).  Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of **$17,563.00**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

Petitioner seeks an hourly rate of $450 for attorney Gerald S. Sack for all work performed during 2017 – 2019, and $150 for time billed by Mr. Sack's paralegal. (ECF No. 27-1 at 2). Mr. Sack has been a licensed attorney since 1972, with a practice in civil litigation. Although Mr. Sack has extensive litigation experience, I find the requested rates slightly excessive, as Mr. Sack has no prior experience with Vaccine Program cases.[3] Rather, based on Mr. Sack's minimal experience in the Vaccine Program I find that the following rates to be more appropriate for Mr. Sack: $395 for time billed in 2017, $405 for time billed in 2018 and $415 for time billed in 2019. See *McCulloch v. Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that vaccine attorneys with over 20 years of experience should receive between $350 and $415 per hour, and further noting that higher rates should be reserved for attorneys with significant vaccine experience). *Accord Johnson v. Health & Human Servs.*, No. 15-602V, 2017 WL 4210578 (Fed. Cl. Spec. Mstr. June 26, 2017) (reducing an attorney barred in 1972 from a requested rate of $415 per hour to $385 per hour for work performed in 2016 due to lack of prior vaccine experience). I shall also reduce the paralegals hourly rate to $135 for all time billed. These rates result in a reduction of **$1,907.00**.[4]

Petitioner did not submit a request for attorney costs, and I am therefore not awarding attorney costs in this case.

## CONCLUSION

Accordingly, I **GRANT IN PART** Petitioner's motion for attorney fees and costs and award the total of **$17,563.00**[5] as a lump sum in the form of a check jointly payable to Petitioner and her counsel Gerald S. Sack.

---

[3] This is Mr. Sack's first case to date. He currently has one case open in the Vaccine Program.

[4] This amount is calculated as follows: ($450 - $395 = $55 x $6.8 hrs = $374) + ($450 - $405 = $45 x 20.9hrs = $940.50) + ($450 - $415 = $35 x 11.1 hrs = $388.5) + ($150 - $135 = $15 x 13.6 hrs = $204) = $1,907.00.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGEMENT** in accordance to this motion.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.